**IN THE UNITED STATES DISTRICT FOR**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IFEANYI KORIE, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>  vs.<br><br>FUNDING METRICS, LLC d/b/a LENDINI, *a Delaware corporation*,<br><br>    Defendant. | **COMPLAINT -- CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff IFEANYI KORIE brings this class action against Defendant FUNDING METRICS, LLC d/b/a LENDINI, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a putative class action under 47 U.S.C. § 227, et seq., the Telephone Consumer Protection Act ("TCPA"), and Fla. Stat. § 501.059, et seq., the Florida Telephone Solicitation Act ("FTSA"), arising from Defendant's violations of both the TCPA and FTSA.

2.     Defendant is a financial loans referral service. To promote its services, Defendant engages in unsolicited text message marketing with no regard for consumers' right and without prior express written consent, harming thousands of consumers in the process.

3.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation and disruption of

the daily life of countless individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies.

## PARTIES

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a "consumer" as defined by Fla. Stat. § 501.059(1)(b), a citizen and resident of Miami, Florida, and the subscriber and user of the cellular telephone number 850-***-9302 (the "9302 Number").

5.      Defendant is, and at all times relevant hereto was, a Delaware limited liability corporation and a "person" as defined by 47 U.S.C. § 153(39), and a "merchant" as defined by Fla. Stat. § 501.059(1)(f), that maintains its primary place of business and headquarters in Bensalem Township, Pennsylvania. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute, and supplemental jurisdiction under 28 U.S.C. §1367 with respect to the claims for relief arising under state law.

7.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida to consumers in violation of the TCPA and FTSA. Defendant has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

8.      Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

9.      Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA and FTSA, and because he is not requesting an advisory opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTUAL ALLEGATIONS

10.      On or about March 29, 2022, March 30, 2022, and April 6, 2022, Defendant sent the following telemarketing text messages to Plaintiff's cellular telephone number ending in 9302. The messages identified Defendant as "Jeff from AFN Funding":



11.     Plaintiff received the subject text messages from within this judicial District and, therefore, Defendant's violations of the TCPA and FTSA occurred within this District

12.     As demonstrated by the above screenshot, the purpose of Defendant's telephonic sales calls were to solicit the sale of consumer goods and/or services.

13.     Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

14.     To transmit the above telephonic sales calls, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class Members' telephone numbers.

15.     Unfamiliar with any such named entity, Plaintiff responded inquiring as to who he was receiving the telephone solicitation from. Plaintiff received the following responses:



16.     Contrary to the initial messages to Plaintiff, Defendant and/or its agents now identified itself as "Lendini", the assumed name of Funding Metrics, LLC.

17.     "Lendini" as identified in Defendant's subsequent messages is an entity owned and operated by Defendant, where Defendant facilitates its services.

18.     Upon information and belief, "AFN Funding" is not a registered name under which Defendant conducts its business.

19.     Defendant's texts and calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

20.     Upon information and belief, at no point in time did Plaintiff provide Defendant with his express consent to be contacted.

21.     Upon information and belief, Defendant caused similar text messages to be sent to other individuals residing within this judicial District.

22.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

23.     The text messages originated from telephone number (470) 649-0057, a number of which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

24.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

25.     Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of all other similarly situated

persons as a class action. The "Classes" that Plaintiff seeks to represent is comprised of and defined as:

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message or call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number without securing prior express consent.**

> **Failure to Identify Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message or call from Defendant or anyone on Defendant's behalf, in which the text message failed to identify Defendant.**

26.     Plaintiff further seeks declaratory and injunctive relief, and statutory and actual damages on behalf of the following subclasses.

> **Florida No Consent Class: All persons within the State of Florida who, within the statute of limitations prior to the filing of this Complaint, were sent a text message or call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number without securing prior express written consent.**

> **Florida Failure to Identify Class: All persons within the State of Florida who, within the statute of limitations prior to the filing of this Complaint, were sent a text message or call from Defendant or anyone on Defendant's behalf, in which the text message failed to identify Defendant.**

27.     Defendant and its employees or agents are excluded from the Classes and subclasses. Plaintiff reserves the right to modify the Class and subclass definitions as warranted as facts are learned in further investigation and discovery.

28.      Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## **NUMEROSITY**

29.     Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without securing prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery and a review of Defendant's records. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## **COMMONALITY**

31.     There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Among the questions of law and fact common to the Classes are:

    i.     Whether Defendant violated 47 C.F.R. § 64.1200(a);

    ii.     Whether Defendant violated 47 C.F.R. § 64.1200(b);

    iii.     Whether Defendant violated Fla. Stat. § 501.059(8)(a);

    iv.     Whether Defendant violated Fla. Stat. § 501.059(2);

    v.     Whether Defendant's conduct was knowing and willful;

    vi.     Whether Defendant routinely fails to accurately identify itself in its telephone solicitations;

    vii.     Whether Defendant violated the privacy rights of Plaintiff and members of the class;

    viii.     Whether Defendant is liable for damages, and the amount of such damages; and

ix.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

32.      The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services without having secured consent is accurate, and that Defendant routinely transmits text messages to cellular telephone services without accurately identifying itself, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

33.      Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

**ADEQUACY**

34.      Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

35.      A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the thousands or millions of dollars, the individual damages incurred by each

member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

37.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227, et seq.; 47 C.F.R. § 64.1200, et seq.**
*Individually and on Behalf of the No Consent Class*

38.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 37 as is fully set forth herein.

39.     The foregoing acts and omissions of Defendant constitute numerous and willful violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227, et seq., cited herein.

40.     The foregoing acts and omissions of Defendant violated 47 U.S.C. § 227(b), providing:

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

…

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

41.     Plaintiff and the No Consent Class members never provided their express consent to Defendant.

42.     Defendant further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., et seq. As a result of Defendant's violations, Plaintiff and the Class and applicable subclass are entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

43.     Plaintiff and the No Consent Class members also suffered damages in the form of invasion of privacy.

44.     Plaintiff and the No Consent Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

### COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(b)(1)
*Individually and on Behalf of the Failure to Identify Class*

45.     Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

46.     Defendant willfully failed to comply with the provisions of 47 C.F.R. §64.1200(b) requiring that "[a]t the beginning of the message", the calling party must "state clearly the identity of the business, individual, or other entity that is responsible for initiating the call", and "[i]f a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated". (47 C.F.R. §64.1200(b)(1).)

47.     Plaintiff and the Class Members were not provided the identity of the business initiating the text messages they received and/or were provided inaccurate and misleading information as to the identity of the business initiating the text messages they received.

48.     Defendant further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200, et seq. As a result of Defendant's violations, Plaintiff and the Class and applicable subclass are entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

**COUNT III**
**Violations of the FTSA, Fla. Stat. § 501.059(8)(a)**
*Individually and on Behalf of the Florida No Consent Subclass*

49.     Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

50.     Defendant violated Fla. Stat. § 501.059(8)(a), which provides that it is a violation to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party."

51.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes."  Fla. Stat. § 501.059(1)(g).

52.     Defendant willfully failed to comply with the consent requirements of the FTSA. Under the act, "prior express written consent" is defined as an agreement in writing that:

1.  Bears the signature of the called party;

2.  Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.  Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.  Includes a clear and conspicuous disclosure informing the called party that:

    a)  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b)  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

53.     Defendant violated Fla. Stat. § 501.059(8)(a) by failing to secure the prior express written consent of Plaintiff and the Class Members before initiating telephonic sales calls to their cellular phones.

54.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

55.     As a result of Defendant's conduct, Plaintiff and the Florida No Consent Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation, pursuant to § 501.059(10)(a) of the FTSA.  Plaintiff and the Class members are also entitled to an injunction against future calls and text messages. *Id.*

**COUNT IV**
**Violations of the FTSA, Fla. Stat. § 501.059(2)**
*Individually and on Behalf of the Florida Failure to Identify Subclass*

56.     Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

57.     Defendant violated Fla. Stat. § 501.059(2) which provides that "[a]ny telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number shall identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation."

58.     Defendant willfully violated the FTSA by failing to identify itself and the business on behalf of the solicitation and/or falsely identifying itself as an entity other than "Lendini" or "Funding Metrics, LLC" in the telephonic sales calls received by Plaintiff and the applicable subclass.

59.     As a result of Defendant's conduct, Plaintiff and the Florida Failure to Identify Class members were harmed and are each entitled to a minimum of $500.00 in damages for each

violation, pursuant to § 501.059(10)(a) of the FTSA.  Plaintiff and the Class members are also entitled to an injunction against future calls and text messages. *Id.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, prays for the following relief:

    i.    An order certifying this matter as a class action with Plaintiff as Class Representative, and designating JMG Law Group, PLLC & Marcus & Zelman, LLC as Class Counsel;

    ii.    An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

    iii.    An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3);

    iv.    An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to Fla. Stat. § 501.059(10)(a);

    v.    An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to Fla. Stat. § 501.059(10)(a)(2)(b);

    vi.    An order declaring that Defendant's actions, set out above, violate the TCPA and the FTSA;

    vii.    An injunction requiring Defendant to cease all unsolicited text messaging and calling activity, and to otherwise protect the interests of the Class;

    viii.    Pre-judgment and post-judgment interest on monetary relief; and

    ix.    Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: May 11, 2022                           Respectfully Submitted,

*/s/ Joshua M. Gross*
Joshua M. Gross, Esq.
Florida Bar Number: 1016479
JMG LAW GROUP, PLLC
929 Alton Road, Suite 500
Miami Beach, FL 33139
Office: (305) 447-7272
Cell: (786) 376-6766
jgross@jmglawgroup.com

*Attorneys for Plaintiff*